FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAN 1 3 2012

U.S. DISTRICT COURT
DISTRICT OF R.I.

| | |
|---|---|
| MARSHA CROWLEY | : |
| v. | : CA12- 25 |
| KINDRED NURSING CENTERS EAST, L.L.C. d/b/a KINDRED TRANSITIONAL CARE AND REHABILITATION - OAK HILL & JOHN DOES | : : : |

COMPLAINT

PARTIES

1. Plaintiff, Marsha Crowley, is a resident of the City of Pawtucket, State of Rhode Island.

2. Defendant, Kindred Nursing Centers East, L.L.C. ("Kindred Nursing Centers") is a Delaware limited liability company with its principal place of business in Louisville, Kentucky.

3. Defendant, John Does, on information and belief, is a corporation or corporations and/or an individual or individuals whose name is unknown and unascertainable at this time, at all times pertinent had sufficient minimum contacts with the State of Rhode Island to subject him or it to the jurisdiction of this Honorable Court.

4. At all times relevant to this complaint, Kindred Nursing Centers owned and operated Oak Hill Nursing & Rehabilitation Center ("Oak Hill") located in Pawtucket, Rhode Island.

5. Kindred Nursing Centers abandoned the name Oak Hill Nursing & Rehabilitation Center on or about November 25, 2011 and is now known as Kindred Transitional Care and Rehabilitation - Oak Hill.

6. At all times relevant to this complaint, Oak Hill was a nursing home providing custodial care of disabled, helpless individuals who are chronically infirm, impaired and in need of nursing care and treatment pursuant to 42 C.F.R. § 483 et seq.

## JURISDICTION

7. Jurisdiction of this matter is pursuant to 28 U.S.C. § 1332, diversity of citizenship and the amount of controversy, exclusive of costs and interest, exceeds $75,000.00.

8. The Court also has pendent jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims brought under state law.

## FACTUAL SUMMARY

9. Marsha Crowley was admitted to Oak Hill on December 31, 2008 for rehabilitative services.

10. At the time of admission to Oak Hill, Marsha Crowley signed an Admission Agreement provided by Oak Hill.

11. Kindred Nursing Centers promulgated various marketing materials that promised, among other things, the delivery of skilled nursing care.

12. Kindred Nursing Centers actively sought residents with medical and nursing needs similar to Marsha Crowley.

13. Kindred Nursing Centers held itself out to the State of Rhode Island and the public at large as being (a) skilled in the performance of nursing, rehabilitative and other medical support services including all necessary care and treatment for patients in Marsha Crowley's condition; (b) properly staffed, supervised and equipped to meet the needs of its nursing home residents; (c) able to specifically meet the total nursing home, medical

and physical therapy needs of its nursing home residents; and (d) in compliance on a continual basis with all rules, regulations and standards established for nursing homes.

14. As the owner and operator of Oak Hill, Kindred Nursing Centers owed a non-delegable duty to operate and provide services in compliance with all applicable federal and state laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in a nursing home.

15. As the owner and operator of Oak Hill, at all times relevant to this complaint, Kindred Nursing Centers is legally responsible for the management, control and operation of Oak Hill.

16. At the time of admission to Oak Hill, Marsha Crowley required care and treatment for obesity, knee pain and weakness.

17. On the date of admission, Oak Hill conducted a full Nursing Assessment for Marsha Crowley.

18. The Falls Risk Assessment, conducted as part of the Nursing Assessment, found Marsha Crowley to have a high risk of falls.

19. The Functional Status Assessment, conducted as part of the Nursing Assessment, conducted on the date of admission indicated that Marsha Crowley required extensive assist with a walker for ambulation/mobility.

20. The Functional Status Assessment conducted on the date of admission also indicated that with transfers Marsha Crowley required extensive assist with one person and the use of a gait belt was suggested.

21. A Falls/Potential Trauma report dated December 31, 2008 indicated that Marsha Crowley had a moderate to high risk for falls due to lower extremity weakness.

22. The Care Plan Conference Summary dated January 7, 2009 indicated that Marsha Crowley had limited standing and ambulation tolerance.

23. On January 20, 2009, despite extensive documentation that Marsha Crowley was at a high risk for falls and required assistance with ambulation, Oak Hill instructed Marsha Crowley to step by herself onto a weighing scale.

24. While performing the task of stepping onto the scale as instructed and witnessed by an Oak Hill employee, Marsha Crowley lost her balance and fell to the floor injuring herself.

## COUNT I
## NEGLIGENCE

25. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 24 as if fully set forth herein.

26. Marsha Crowley was a vulnerable adult entrusted to Kindred Nursing Centers' care and supervision at Oak Hill.

27. At all times relevant to this complaint, Marsha Crowley was under the care, supervision and treatment of the agents and/or employees of Kindred Nursing Centers.

28. At all times relevant to this complaint, the care and treatment given to Marsha Crowley was authorized and ratified by Kindred Nursing Centers.

29. Kindred Nursing Centers is vicariously liable for the acts and omissions of all persons or entities under Kindred Nursing Centers' control either directly or indirectly including their employees, agents, consultants, medical directors and independent contractors, whether in-house or outside entities, individuals or agencies.

30. Kindred Nursing Centers owed a duty to Marsha Crowley to provide care, treatment and services within accepted standards of care of nursing homes.

31. Kindred Nursing Centers owed a duty to Marsha Crowley to hire, train and supervise employees to deliver care and services to residents in a safe and beneficial manner.

32. Kindred Nursing Centers breached its duty to deliver care and services to residents in a safe manner by failing to provide the necessary assistance with ambulation thereby causing Marsha Crowley to fall.

33. As a direct and proximate of Kindred Nursing Centers' negligence, Marsha Crowley suffered severe and permanent personal injury, expenses for medical treatment, future medical treatment and expenses, loss of enjoyment of life, and mental anguish and anxiety.

WHEREFORE, Plaintiff, Marsha Crowley, demands judgment against Defendant in an amount sufficient to satisfy the jurisdiction of this Court, plus interest and costs.

## COUNT II
## NEGLIGENCE PER SE

34. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 33 as if fully set forth herein.

35. Kindred Nursing Centers breached Federal nursing home regulations intended to protect nursing home residents, including Marsha Crowley, from the type of harm caused by the negligent acts and omissions of Kindred Nursing Centers' employees and agents. These nursing home regulations include, but are not limited to, 42 C.F.R. § 483.25 which states in part: "Each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychological well-being, in accordance with the comprehensive assessment and plan of care".

36. As a direct and proximate of Kindred Nursing Centers' negligence, Marsha Crowley suffered severe and permanent personal injury, expenses for medical treatment, future

medical treatment and expenses, loss of enjoyment of life, and mental anguish and anxiety.

WHEREFORE, Plaintiff, Marsha Crowley, demands judgment against Defendant in an amount sufficient to satisfy the jurisdiction of this Court, plus interest and costs.

## COUNT III
## VIOLATION OF THE RHODE ISLAND
## RIGHTS OF NURSING HOME PATIENTS ACT

37. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 36 as if fully set forth herein.

38. At all times during Marsha Crowley's residency at Oak Hill she was a patient at the facility pursuant to R.I.G.L. § 23-17.5-1 et seq., the Rhode Island Rights of Nursing Home Patients Act.

39. Kindred Nursing Centers, pursuant to R.I.G.L. § 23-17.5-2, Care of Patient, had a duty to ensure that each patient, including Marsha Crowley, be treated and cared for with consideration, respect and dignity.

40. Kindred Nursing Centers breached its duty to Marsha Crowley as the care and treatment provided to Marsha Crowley during the course of her residence at Oak Hill was not conducted with consideration, respect and dignity of Marsha Crowley.

41. As a direct and proximate of Kindred Nursing Centers' negligence, Marsha Crowley suffered severe and permanent personal injury, expenses for medical treatment, future medical treatment and expenses, loss of enjoyment of life, and mental anguish and anxiety.

WHEREFORE, Plaintiff, Marsha Crowley, demands judgment against Defendant in an amount sufficient to satisfy the jurisdiction of this Court, plus interest and costs.

## COUNT IV
## BREACH OF CONTRACT

42. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 41 as if fully set forth herein.

43. Kindred Nursing Centers was contractually obligated to provide Marsha Crowley with a reasonably safe environment and one that complied with all applicable federal and state law and regulations.

44. Kindred Nursing Centers expressly or impliedly promised that it was authorized and able to provide adequate care for Marsha Crowley and would provide such care.

45. Kindred Nursing Centers was contractually obligated to provide Marsha Crowley with an environment in which she was treated with consideration, respect and dignity.

46. Kindred Nursing Centers breached its contract with Marsha Crowley as the treatment and care rendered to Marsha Crowley was done in accordance with the facilities assessment of Marsha Crowley's medical condition.

47. As a direct and proximate of Kindred Nursing Centers' breach, Marsha Crowley suffered severe and permanent personal injury, expenses for medical treatment, future medical treatment and expenses, loss of enjoyment of life, and mental anguish and anxiety.

WHEREFORE, Plaintiff, Marsha Crowley, demands judgment against Defendant in an amount sufficient to satisfy the jurisdiction of this Court, plus interest and costs.

Plaintiff demands a trial by jury and designates Carl S. Levin as trial counsel.

Plaintiff,
Marsha Crowley
By her Attorneys,

_____
Carl S. Levin, Esq. #3336
Gilstein, Kinder & Levin, LLP
300 Metro Center Blvd., Suite 150A
Warwick, RI  02886
(401) 751-1500
(401) 739-1932 Facsimile
clevin@gklfirm.com

Date: January 13, 2012.